UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK MILLER,<br><br>       Plaintiff,<br><br>       v.<br><br>CERES UNIFIED SCHOOL DISTRICT, SCOTT SIEGEL, in his official capacity, LINDA STUBBS, in her official capacity, SHAWNA NUNES, in her official capacity, MICHAEL PHIPPS dba RIVER OAKS GOLF COURSE, and DOES 1 through 10, inclusive,<br><br>       Defendants. | No.  1:15-CV-00029-TLN-BAM<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Shawna Nunes, Scott Siegel, Linda Stubbs and Ceres Unified School District's ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC").  (ECF No. 19.)  Plaintiff Jack Miller ("Plaintiff") has filed an opposition to Defendants' motion.  (ECF No. 34.)  The Court has carefully considered the arguments raised in Defendants' motion and reply, as well as Plaintiff's opposition.  For the reasons set forth below, the Court DENIES Defendants' Motion to Dismiss.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff first filed his Complaint on January 6th, 2015.  (ECF No. 1.)  Plaintiff then filed his First Amended Complaint ("FAC") against all Defendants on March 19th, 2015.  (ECF No.

1    13.)  Plaintiff claims Defendants, either individually or collectively, violated (1) Title III of the

2    Americans with Disabilities Act ("ADA"), (2) the Unruh Civil Rights Act, (3) the California

3    Disabled Persons Act, (4) Title II of the ADA, and (5) Section 504 of the Rehabilitation Act of

4    1972 ("Section 504").  (ECF No. 13.)  Only the fourth and fifth causes of action in the FAC are

5    stated against the Defendants at issue here.

6         On April 7, 2015, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil

7    Procedure 12(b)(1) and 12(b)(6).  (ECF No. 19.)  Plaintiff subsequently filed an Opposition to

8    Defendants' Motion to Dismiss on May 21st, 2015.  (ECF No. 34.)  Defendants filed a Reply to

9    Plaintiff's Opposition on May 28th, 2015.  (ECF No. 35.)

10        Plaintiff is a disabled parent of a high school athlete.  (ECF No. 13 at 2.)  Specifically,

11   Plaintiff has a medical condition which confines him to a wheelchair, and is therefore a "person

12   with disability" and a "physically handicapped person" as defined under the ADA, 42 U.S.C §

13   12102, and the Unruh Civil Rights Act, California Civil Code §§ 51 and 54.  (ECF No. 13 at 3.)

14   Plaintiff alleges that he was denied full and equal access to a public accommodation by Ceres

15   Unified School District while attempting to attend his daughter's athletic event.  (ECF No. 13 at

16   2.)

17        In the FAC, Plaintiff alleges that he attempted to attend his daughter's event and use the

18   services of River Oaks Golf Course on September 11th, 2014.  (ECF No. 13 at 6.)  However,

19   Plaintiff was unable to properly access the golf course's facilities and denied the ability to watch

20   his daughter's event due to barriers to access found in the parking lot, bathrooms, and the golf

21   course itself.  (ECF No. 13 at 7.)  Plaintiff alleges that these barriers prevented him from future

22   visits and use of the golf course, thus precluding Plaintiff from attending his daughter's future

23   athletic events.  (ECF No. 13 at 7.)  Plaintiff further alleges, on information and belief, that

24   Defendant knew that such barriers existed.  (ECF No. 13 at 7.)  Thus, Plaintiff alleges that

25   Defendant intentionally discriminated against Plaintiff by not removing the barriers.  (ECF No. 13

26   at 7.)  Additionally, Plaintiff alleges that Defendant intentionally discriminated against him by

27   failing to create policies and procedures to ensure that all school functions, programs, services,

28   and activities were accessible to those who are disabled.  (ECF No. 13 at 7.)  Finally, Plaintiff

1    alleges that Defendants had the power to readily remove the barriers, or redirect the school

2    functions, services, programs, or activities to another location without much difficulty or expense.

3    (ECF No. 13 at 8.)

4    **II.      STANDARD OF LAW**

5    **a.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

6    A party may move to dismiss a claim for lack of subject matter jurisdiction.  Fed. R. Civ.

7    P. 12(b)(1).  "When subject matter jurisdiction is challenged under Federal Rule of [Civil]

8    Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the

9    motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)

10   (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).  "'Unless the

11   jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction

12   on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]'" *Robinson v. U.S.*, 586

13   F.3d 683, 685 (9th Cir. 2009) (internal citations omitted).  If the court determines at any time that

14   it lacks subject matter jurisdiction, "the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

15   "A motion to dismiss for lack of subject matter jurisdiction may either attack the

16   allegations of the complaint or may be made as a 'speaking' motion attacking the existence of

17   subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d

18   730, 733 (9th Cir. 1979).  When a Rule 12(b)(1) motion attacks the existence of subject matter

19   jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  *Id.*

20   "[T]he district court is not restricted to the face of the pleadings, but may review any evidence,

21   such as affidavits and testimony, to resolve factual disputes concerning the existence of

22   jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  Plaintiff bears the

23   burden to prove existence of subject matter jurisdiction. *Thornhill Publ'g Co.*, 594 F.2d at 733.

24   **b.   Motion to Dismiss for Failure to State a Claim**

25   Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

26   statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556

27   U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

28   defendant fair notice of what the claim ... is and the grounds upon which it rests." *Bell Atl. v.*

1    *Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

2    pleading standard relies on liberal discovery rules and summary judgment motions to define

3    disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

4    534 U.S. 506, 512 (2002).

5         On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

6    *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

7    reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

8    *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963).  A plaintiff need not allege

9    "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

10   relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

11   factual content that allows the court to draw the reasonable inference that the defendant is liable

12   for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

13        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

14   factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir.

15   1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

16   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

17   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

18   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

19   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

21   facts that it has not alleged or that the defendants have violated the ... laws in ways that have not

22   been alleged[.]"  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

23   459 U.S. 519, 526 (1983).

24        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

25   facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (quoting

26   *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[ ] [his or her] claims ...

27   across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id*. at 680.

28   While the plausibility requirement is not akin to a probability requirement, it demands more than

4

1   "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  This plausibility inquiry is

2   "a context-specific task that requires the reviewing court to draw on its judicial experience and

3   common sense." *Id*. at 679.

4         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

5   amend even if no request to amend the pleading was made, unless it determines that the pleading

6   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

7   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

8   *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

9   denying leave to amend when amendment would be futile).  Although a district court should

10   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

11   deny such leave is 'particularly broad' where the plaintiff has previously amended its

12   complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

13   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

14         **III.     ANALYSIS**

15               **a.  Subject Matter Jurisdiction**

16         Plaintiff is seeking injunctive relief and damages against Defendants for discrimination

17   against the disabled with respect to their receiving equal access to programs, services, activities,

18   and facilities as other able-bodied persons.  (ECF No. 13 at 22.)  Defendants move to dismiss

19   claims for damages under Title II of the ADA, on the basis that the Eleventh Amendment

20   precludes a suit against Defendants since Ceres School District is an agency of the state.  (ECF

21   No. 19-1 at 2.)  Plaintiff responds that this Court has subject matter jurisdiction because Title II of

22   ADA broadly abrogates sovereign immunity.  (ECF No. 34.)

23         The question before the Court is whether Title II of the ADA broadly abrogates sovereign

24   immunity or only when one's fundamental rights are violated.  The Eleventh Amendment of the

25   Constitution of the United States states: "The Judicial power of the United States shall not be

26   construed to extend to any suit in law or equity, commenced or prosecuted against one of the

27   United States by Citizens of another State, or by Citizens or Subjects of any foreign State."

28   U.S. Const. Amend. XI.  "The ultimate guarantee of the Eleventh Amendment is that non-

1    consenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the*

2    *Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  Sovereign immunity also extends to an

3    agency of the state.  *Durning v. Citibank*, 950 F.2d 1419, 1423 (9th Cir. 1991).  School districts in

4    California are "state agencies" and protected by the Eleventh Amendment.  *Belanger v. Madera*

5    *Unified School Dist.*, 963 F.2d 248, 251 (Cal. 1992).

6            However, "Congress may abrogate the States' Eleventh Amendment immunity when it

7    both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority."

8    *Garett*, 531 U.S. at 356.  The ADA provides: "A State shall not be immune under the eleventh

9    amendment to the Constitution of the United States from an action in Federal or State court of

10   competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202.  "The Ninth Circuit has

11   repeatedly found that Congress validly abrogated state immunity when it enacted Title II of the

12   ADA." *Video Gaming Technologies, Inc. v. Bureau of Gambling Control*, 621 F. Supp. 2d 918,

13   920 (E.D. Cal. 2008); s*ee also Dare v. California*, 191 F.3d 1167, 1173 (9th Cir. 1999); *Clark v.*

14   *California Dep't of Corrections*, 123 F.3d 1267, 1270 (9th Cir. 1997); *Hason v. Medical Bd.*, 279

15   F.3d 1167, 1171 (9th Cir. 2002); *Thomas v. Nakatani*, 309 F.3d 1203, 1209 (9th Cir.2002); *Lovell*

16   *v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002).

17           Defendants argue that this Court lacks subject matter jurisdiction to hear Plaintiff's Title II

18   claim because Defendants did not violate a fundamental right, and state sovereign immunity is

19   only abrogated upon a violation of a fundamental right.  (ECF No. 34 at 3.)  For this proposition,

20   Defendants cite *Talevski v. Regents of the Univ. of California,* 2013 WL 4102202 (S.D. Cal. Aug.

21   13, 2013), which examined the precedent in other Circuits: "[o]ther circuits, however, have

22   concluded that Eleventh Amendment sovereign immunity is only abrogated in fundamental

23   constitutional rights cases.  *Klingler v. Director, Dept. of Revenue, State of Mo.,* 455 F.3d 888,

24   893–94 (8th Cir. 2006) (discriminatory surcharges on the disabled do not implicate a fundamental

25   constitutional right warranting the abrogation of Eleventh Amendment immunity for purposes of

26   a damages claim); *Guttman v. Khalsa,* 669 F.3d 1101, 1122–23 (10th Cir. 2012) ('there is a trend

27   of courts holding that, absent the need to vindicate a fundamental right or protect a suspect class,

28   Congress may not abrogate state sovereign immunity'); *Toeller v. Wisconsin Dep't of Corr.,* 461

1   F.3d 871, 876–880 (7th Cir. 2006) (the Eleventh Amendment bars suit for money damages in

2   federal court because the self-leave provision of the Family Medical Leave Act does not implicate

3   a fundamental right)." *Id.* at *3.  *See also Chadam v. Palo Alto Unified Sch. Dist.,* 2014 WL

4   325323 (N.D. Cal. Jan. 29, 2014).

5          *Talevski* also relied in part upon Judge O'Scannlain's concurrence in *Phiffer v. Columbia*

6   *River Corr. Inst.*, 384 F.3d 791 (9th Cir. 2004).  The majority decision in *Phiffer* simply held that

7   "the State is not entitled to Eleventh Amendment immunity under Title II of the ADA."  Judge

8   O'Scannlain reasoned, however, that it remained "open to question" whether Title abrogated state

9   sovereign immunity where a "fundamental right" was not at issue.  *Id.* at 793.  However,

10  O'Scannlain further acknowledged that absent *en banc* Ninth Circuit review, *Clark* and *Dare*,

11  which straightforwardly held that Title II abrogated sovereign immunity, remained this Circuit's

12  binding precedent.  *Id.*

13         In summary, Defendants urge this Court to engage in a case-specific analysis of whether

14  the ADA's abrogation of sovereign immunity constitutes a valid exercise of Congressional power,

15  when viewed in light of whether a plaintiff has identified a fundamental right.  However, the

16  Ninth Circuit has not expressly called for this "nuanced, case-by-case analysis" to occur.  *Id.*  In

17  consideration of the specific facts of this case, the lack of Ninth Circuit authority specifying a

18  framework for analysis, and the few district court authorities undertaking that analysis, the Court

19  simply follows those decisions in this Circuit which have upheld the ADA's mandate that a state

20  shall not be immune from suit under Title II of the ADA.[1]  *See* 42 U.S.C. § 12202 ("A State shall

21  not be immune under the eleventh amendment to the Constitution of the United States from an

22

23  [1] The Court notes that the *Phiffer* decision was issued on remand from the Supreme Court under
    the directive to consider that case in light of *Tennessee v. Lane*, 541 U.S. 509 (2004).  *Lane*
24  undertook a specific analysis into that plaintiff's fundamental right to access to courts; that
    analysis is what Defendants urge this Court to undertake now.  On remand, *Phiffer* declined to
25  undertake a specific "fundamental rights" analysis and did not disturb the Ninth Circuit precedent
    which calls for the broad abrogation of state immunity under Title II of the ADA.  As noted
26  above, even Judge O'Scannlain's concurrence acknowledged that the broad holdings in *Dare* and
    *Clark* remained binding.  More clear authority from the Ninth Circuit, or in the absence of that, a
27  distinct and strong trend in the district court case law may require the Court to revisit this issue in
28  future cases.

1    action in Federal or State court of competent jurisdiction for a violation of this chapter"); *Dare*,

2    191 F.3d at 1173 ("This Circuit has held that in enacting Title II of the ADA, Congress validly

3    abrogated state sovereign immunity pursuant to its Fourteenth Amendment powers"); *Clark*, 123

4    F.3d at 1270–71 ("We reject California's argument that Congress's power must be limited to the

5    protection of those classes found by the Court to deserve 'special protection' under the

6    Constitution"); *Phiffer*, 384 F.3d at 792 (9th Cir. 2004) ("Our precedent clearly commands the

7    conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the

8    ADA"); *D.K. ex rel. G.M. v. Solano Cnty. Office of Educ.*, 2008 WL 5114965 (E.D. Cal. Dec. 2,

9    2008).  Therefore, the Court DENIES Defendants' Motion to Dismiss for lack of subject matter

10   jurisdiction.

11                          **b.  Adequate Facts Pleaded**

12           Defendants also move to dismiss Plaintiff's claim for failure to state a claim as required

13   by FRCP 12(b)(6).  (ECF No. 19 at 7.)  The question before the Court is whether Plaintiff's

14   complaint contained sufficient facts to plead a *prima facie* case.

15           To plead a *prima facie* Title II or Section 504 case, Plaintiff must prove as follows: (1) he

16   is an individual with a disability; (2) he is otherwise qualified to participate in or receive the

17   benefit of a public entity's services, programs, or activities; (3) he is either excluded from

18   participation in, or denied the benefits of the public entity's services, programs, or activities or

19   were otherwise discriminated against by the public entity; and (4) such exclusion, denial of

20   benefits, or discrimination was solely by reason of his disability.  *Sheehan v. City & Cnty. Of*

21   *S.F.*, 743 F.3d 1211, 1232 (9th Cir. 2014).  Additionally, with respect to the Section 504 claim,

22   Plaintiff must plead that the program at issue receives federal assistance.  *Duvall v. County of*

23   *Kitsap,* 260 F.3d 1124, 1135 (9th Cir.2001).  Plaintiff does allege, and Defendants do not dispute,

24   that Ceres School District receives federal funding for its sports related activities.  (ECF No. 13 at

25   20.)

26           Plaintiff has pleaded a *prima facie* case by meeting the four requirements stated in

27   *Sheehan*.  Plaintiff's FAC states as follows: (1) he is a person with disability because he is

28   confined to a wheelchair; (2) he is eligible to attend his daughter's athletic events otherwise; (3)

1   he was excluded from attending this particular event; (4) this exclusion was due to inadequate

2   accommodations for the disabled.  (ECF No. 13 at 3–8.)  These facts both sufficiently show

3   Plaintiff is entitled to relief, and give Defendants fair notice of what the claim is.  Thus, Plaintiff

4   has alleged sufficient facts to support a Title II and Section 504 claim.

5          Therefore, the Court DENIES Defendants' motion to Dismiss for failure to state sufficient

6   facts as required by FRCP 12(b)(6).

7          **IV.     CONCLUSION**

8          For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 19) is DENIED.

9   Dated:  October 27, 2015

10

11

12                                                    _____
                                                      Troy L. Nunley
13                                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28