1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

JACK MILLER,

Case No.  1:15-cv-0029-BAM

12

Plaintiff,

13

v.

ORDER GRANTING MOTION FOR
SERVICE OF PROCESS VIA
ALTERNATIVE MEANS

14

CERES UNIIFIED SCHOOL DISTRICT,
et al.,

15

16

Defendants.

17

18

19

On August 4, 2016, Plaintiff filed a motion for alternative service of process under

20

Federal Rule of Civil Procedure 4(e). (Docs. 62, 67).  In the motion, Plaintiff argues that because

21

diligent efforts to serve Defendant Kimberly Phipps have failed, service by email should be

22

permitted.  Defendants Ceres Unified School District, Scott Siegel, Linda Stubbs, and Shawna

23

Nunes do not oppose the motion.  (Doc. 68). The Court finds the motion suitable for decision

24

without oral argument, and VACATES the hearing set for September 9, 2016.  Having reviewed

25

the motion, the statement of non-opposition, and the entire record in this case, the Motion is

26

GRANTED.

27

**BACKGROUND**

28

On January 6, 2015, Plaintiff Jack Miller brought suit against defendants Shawna Nunes,

1

Scott Siegel, Linda Stubbs, Michael Phipps, River Oaks Golf Course Inc., and Ceres Unified School District ("Defendants").  (Doc. 1). Plaintiff is a disabled parent of a high school athlete. Plaintiff's Third Amended Complaint ("TAC"), (Doc. 51 at 2).  Plaintiff alleges that he attempted to attend his daughter's event and use the services of River Oaks Golf Course on September 11th, 2014. TAC ¶ 18.  However, Plaintiff was unable to properly access the golf course's facilities and denied the ability to watch his daughter's event due to barriers to access found in the parking lot, bathrooms, and the golf course itself. TAC ¶ 20.  Plaintiff alleges that these barriers prevented him from future visits and use of the golf course, thus precluding Plaintiff from attending his daughter's future athletic events. TAC ¶ 21.  Based on those events, Plaintiff brings suit alleging Defendants, either individually or collectively, violated (1) Title III of the Americans with Disabilities Act ("ADA"), (2) the Unruh Civil Rights Act, (3) the California Disabled Persons Act, (4) Title II of the ADA, and (5) Section 504 of the Rehabilitation Act of 1972 ("Section 504"). (Doc. 51).

Shortly after Plaintiff filed his initial complaint, counsel for Defendant Michael Phipps dba River Oaks Golf Course filed a notice that Defendant Michael Phipps had died on or around March 22, 2015.  (Doc. 16).  Plaintiff subsequently filed a notice of intent to dismiss defendant Michael Phipps, but asked that attorney Laura Palazzolo, attorney for Defendant Michael Phipps, provide information concerning Michael Phipps' estate.  (Doc. 26).

In light of Mr. Phipps death, on December 7, 2015, the parties filed a joint stipulation for leave to file a Second Amended Complaint.  (Doc. 40).  The Second Amended Complaint named Mr. Phipps' wife, Kimberly Phipps, as the current trustee of Michael Phipps' estate. Plaintiff later filed the operative Third Amended Complaint ("TAC") which alleges that "Defendants, KIMBERLY LYNN-WALTON PHIPPS, as an individual, and as a trustee, in her representative capacity for the MICHAEL DALE PHIPPS LIVING TRUST, as the real property owner (Hereafter, "LANDLORD") and DOES 1-5 [does] own, operate, manage, and have substantial control over the real property, including the building and adjacent parking on such property, located at 3441 Golf Links Road, Ceres, CA 95307."  (Doc. 51).

After the TAC was filed, Plaintiff began to inform the Court on several occasions that he

had been unable to effect service on Mrs. Phipps. (Doc. 61 "discussion regarding the status of this action, including… service of Defendants Kimberly Phipps and River Oaks Golf Course Incorporated"); (Doc. 64 "Plaintiff discussed ongoing efforts to serve Defendants Kimberly Phipps and River Oaks Golf Course Incorporated with a copy of the summons and complaint."); (Doc. 65 "Plaintiff also discussed additional efforts to serve Defendants Kimberly Phipps and River Oaks Golf Course Incorporated").

On August 6, 2016, Plaintiff filed the instant motion for alternative service. In the Motion, and supporting declaration, Plaintiff ask the Court to allow service upon Defendant Kimberly Phipps by email, pointing to evidence that due to Defendant's intentional evasion of service, Plaintiff has been unable to serve Defendant despite extensive efforts. See Declaration of Daniel Malakauskas ("Malakauskas Decl."), Attachment 2, (Doc. 67-2).

Plaintiff's counsel declares that after investigation into the whereabouts of Mrs. Phipps, Plaintiff discovered that "on August 20, 2015, Kimberly Phipps filed an affidavit with the County of Stanislaus stating that she was the successor in interest" of Mr. Phipps estate.  Malakauskas Decl. ¶ 4. In the affidavit filed by Mrs. Phipps, she indicated that the recording documents related to the estate were to be sent to "2301 Live Oak Court, Modesto, CA 95351."  Malakauskas Decl. ¶ 5.  Despite recently acknowledging in the public record that she could receive correspondence at the Live Oak address, when Plaintiff attempted service at Mrs. Phipps' Modesto address, Plaintiff's process server indicated that a trip to the residence revealed that the house was vacant and unoccupied.  Malakauskas Decl. ¶ 5.  Plaintiff was consequently unable to serve Mrs. Phipps at this address.

In a declaration of diligence, Plaintiff details additional exhaustive efforts to identify known addresses for Defendant Kimberly Phipps as follows. As a licensed real estate agent, Mrs. Phipps is registered with the State of California, Bureau of Real Estate. The bureau's website states that Kimberly Phipps is a registered real estate broker with an active license; her mailing address and main office address are listed as 2908 East Whitmore Avenue, #H337, Ceres, CA 95307. Malakauskas Decl. ¶ 9, Exhibit A.  A Grant Deed for the River Oaks Golf Course states that tax statements should be mailed to Kimberly Phipps located at 2301 Live Oak Court,

Modesto, CA 95351. Malakauskas Decl. ¶ 10, Exhibit B.  Kimberly Phipps is also listed as a real estate agent on realtor.com. Her online profile states that her address is 3441 Golf Links Road, Ceres, CA 95307, the same address of record for Defendant River Oaks Golf Course. Malakauskas Decl. ¶ 11, Exhibits C, D.  According to the California Secretary of State website, Kimberly Phipps' deceased husband, Michael Phipps, is an agent for service of process at 3305 Golf Links Road, Ceres, CA 95307. Malakauskas Decl. ¶ 11, Exhibit D.

Plaintiff paid his process server to visit all four addresses listed above no less than three times each.  Malakauskas Decl. ¶ 12.  Based on these numerous failed attempts at multiple addresses, counsel for Plaintiff argues that he is unable to deliver service of process to Mrs. Phipps through traditional means because Mrs. Phipps is actively evading service. Malakauskas Decl. ¶ 2. Accordingly, Plaintiff requests an order allowing him to serve Defendant Kimberly Phipps by email.

## DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon individuals within a judicial district of the United States:

Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

> (1)      pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  The goal of Fed. R. Civ. P. 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Electrical*

*Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987)). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Fed. R. Civ. P. 4(e)(1), the Court looks to the law of California, the state in which this Court sits, to determine the sufficiency of the proposed service. While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30. "To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (concluding that the district court did not abuse its discretion in allowing service by regular mail and e-mail after initial attempts at service failed).

Here, Plaintiff has made reasonable and diligent attempts to inform Defendant Kimberly Phipps of this action. Indeed, there is little doubt that Defendant Kimberly Phipps is fully aware of this lawsuit. Shortly after Plaintiff filed suit, Kimberly Phipps, accepted service of the initial summons and complaint on behalf of her husband Mr. Phipps. Malakauskas Decl. ¶ 2. Mr. Phipps acknowledged service and hired attorney Laura Palazzolo to represent him in this matter. Malakauskas Decl. ¶ 3. Upon Mr. Phipps' death, Kimberly Phipps inherited, and was vested with her late husband's property, business interests, and consequently, this lawsuit.

After learning of the death of Mr. Phipps, Plaintiff persisted and consulted a myriad of sources to locate a proper address for Kimberly Phipps. The addresses researched by Plaintiff's counsel are addresses that Defendant Kimberly Phipps personally registered as her preferred contact information. Within the last year, Defendant Kimberly Phipps has registered her address

with Kern County as 2301 Live Oak Court, Modesto, CA 95351. Ms. Phipps has also listed and sold homes as a real estate agent while maintaining the email address: realestateninja@yahoo.com.  Malakauskas Decl. ¶ 24.

Although Defendant Kimberly Phipps has a well-documented history of verifiable contact information, Plaintiff has been unable to effect service on Defendant Kimberly Phipps on several different occasions. When there is evidence that a defendant is evading service, courts are more willing to allow alternative methods of service.  *See Miller v. Superior Court In & For Los Angeles Cnty.*, 195 Cal. App. 2d 779, 786 ("A person who deliberately conceals himself to evade service of process is scarcely in a position to complain over much of unfairness in substitutive methods of notification enacted by the Legislature to cope with such situations"); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 U.S. Dist. LEXIS 65656, 2014 WL 1877547, at *1 (N.D. Cal. May 9, 2014) (the court allowed service of defendant by email, where defendant demonstrated a pattern of evading service: despite process server's eight attempts to serve defendant at his last-known address, plaintiff counsel's email to defendant asking to set up a meeting, and defendant's informal agreements to meet with plaintiff's counsel, defendant never showed up and stopped responding to emails).

Given the background here, the Court finds that Plaintiff has adequately demonstrated that he has taken several reasonable steps to effect service upon Defendant Kimberly Phipps. Despite reasonable diligence, process cannot be served on Defendant Kimberly Phipps at her addresses of record.  Similarly, the Court is satisfied with Plaintiff's explanation that the email address he proposes to use for service will reasonably give the party adequate notice. Thus, under the circumstances, the Court finds it appropriate to permit alternative service and hereby GRANTS Plaintiff's motion for leave to serve Mrs. Phipps via the email address listed on her business website: realestateninja@yahoo.com.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    The motion for alternative means of service of process is GRANTED;

2.    Plaintiff shall have 14 days from the date of this order in which to effect service on

Defendant Kimberly Phipps via email;

3.  On or before September 23, 2016, Plaintiff's Counsel SHALL also file a status report indicating the status service and/or communication with Defendant Kimberly Phipps.

IT IS SO ORDERED.

Dated:   **September 7, 2016**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE